```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                        SOUTH BEND DIVISION
```

TYRONE HULL,

    Plaintiff,

          v.                        CAUSE NO. 3:21-CV-704-RLM-MGG

WEXFORD HEALTH, LLC, et al.,

    Defendants.

## OPINION AND ORDER

Tyrone Hull, a prisoner without a lawyer, filed a complaint about his medical care at Westville Correctional Facility that the court determined didn't state a claim upon which relief could be granted because the only basis for his claim was that he was seen by a nurse and not a doctor. ECF 2. He was given a chance to file an amended complaint, and he has done so. ECF 5. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Hull alleges that on March 17, 2020, he injured his right hand, which had previously been broken, resulting in great pain from his hand to his elbow and his knuckle popping out. ECF 5 at 3. He submitted a healthcare request on March 18,

and Nurse Rhonda Adkins saw him on March 26. *Id*. During this visit, he said he had extreme pain, he couldn't make a closed fist, and he told her that his knuckle had popped out of place. ECF 5 at 3. Mr. Hull alleges that Nurse Adkins returned him to his cell with no treatment. ECF 5 at 4. He says that Nurse Adkins didn't provide him with ice, any kind of ace bandage, or pain medication. *Id*.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted).

To be held liable for deliberate indifference to an inmate's need, a medical professional must have made a decision that was "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the

2

person responsible actually did not base the decision on such a judgment." <u>Jackson v. Kotter</u>, 541 F.3d 688, 697 (7th Cir. 2008). Mr. Hull alleges that he told Nurse Adkins that he was experiencing great pain, that his hand had been swollen for multiple days, that his knuckle had popped out of place, and that he couldn't make a closed fist. Nurse Adkins allegedly made no attempt to alleviate Mr. Hull's pain, as she failed to provide any kind of bandage, ice, or pain reliever. Accepting the allegations of the complaint as true, Mr. Hull has alleged that his injury was objectively serious and that Nurse Adkins failed to take reasonable measures to treat the injury despite being aware of its severity. Mr. Hull has plausibly alleged that Nurse Adkins was deliberately indifferent to his need for treatment for his injury.

Mr. Hull hasn't stated a plausible Eighth Amendment claim against the other defendants. First, Mr. Hull seeks to hold Medical Director Livers liable for not responding to his multiple healthcare request forms. He alleges that after his visit with Nurse Adkins, he sent Medical Director Livers multiple health care requests advising her of his injury and Nurse Adkins' decision not to provide treatment. ECF 5 at 4. Mr. Hull alleges that Director Livers repeatedly failed to address his claims or provide assistance in obtaining treatment for his injury. *Id*. The allegations in Mr. Hull's original complaint contradict this set of facts:

> Mr. Hull submitted several healthcare request forms after that visit, stating that he needed to see the doctor and complaining that his requests weren't being timely answered. ECF 1 at ¶¶ 23-26. He was scheduled for another sick call on April 16, 2020.

ECF 2 at 2. Mr. Hull contends that visit was also inadequate, but that it was scheduled shows that Director Livers didn't ignore his requests. There is no indication

3

that she was personally involved in the April 16 visit, and she can't be held liable for the care he received there by virtue of her supervisory position over the medical unit. *See* J.K.J. v. Polk Cnty., 960 F.3d 367, 377 (7th Cir. 2020) (no supervisory liability under 42 U.S.C. § 1983); Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009) (same).

Mr. Hull alleges that Nurse Adkins notified Dr. Andrew Liaw about the injury, but Dr. Liaw never examined him. ECF 5 at 5. Because the doctor never saw him, he doesn't have the personal involvement required for § 1983 liability. If, instead, Mr. Hull contends that the decision not to see him constitutes deliberate indifference, the court already considered this theory:

> Whether Mr. Hull's condition warranted treatment by the doctor instead of the nurse is a matter of professional judgment. Nothing in the complaint suggests that the decision for a nurse to provide treatment was a substantial departure from accepted professional judgment. In essence, Mr. Hull disagrees with the decision not to refer him to a doctor, but "a disagreement with medical professionals . . . does not state a cognizable Eighth Amendment claim . . .." Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003).

ECF 2 at 4. Mr. Hull doesn't state a claim upon which relief can be granted against Dr. Liaw.

Mr. Hull doesn't allege a plausible Eighth Amendment claim against Warden Galipeau. Mr. Hull alleges that he wrote the warden several informal grievances and "advised Mr. John Galipeau of the inadequate medical care that I was receiving and he failed to take the initiative to guarantee that the health care service provide adequate medical care." ECF 5 at 6. As noted in the earlier screening order, the warden referred the complaints to Director Livers, and this satisfied his constitutional obligation:

4

> As a nonmedical staff, Warden Galipeau is entitled to rely on medical staff's judgment regarding whether medical care is being appropriately provided. Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009); *see also* Miranda v. Cnty. of Lake, 900 F.3d 335, 343 (7th Cir. 2018) ("When detainees are under the care of medical experts, nonmedical jail staff may generally trust the professionals to provide appropriate medical attention.").

ECF 2 at 6. The amended complaint doesn't state a claim upon which relief can be granted against Warden Galipeau.

Finally, Mr. Hull names as a defendant Wexford Health, LLC, the private corporation contracted to provide healthcare at the prison when Mr. Hull injured his hand. Wexford can be held liable only to the extent that an official policy or practice "was the 'moving force' behind his constitutional injury." Dixon v. Cnty. of Cook, 819 F.3d 343, 348 (7th Cir. 2016). Mr. Hull has not identified any specific policy or practice maintained by Wexford that resulted in the alleged violation of his constitutional rights. He can't proceed against Wexford.

Mr. Hull isn't proceeding in forma pauperis, so the court won't order service on the defendant under 28 U.S.C. § 1915(d). Rather, it is Mr. Hull's obligation to serve Nurse Adkins. If Mr. Hull wants to pay the United States Marshal's Service to serve the defendant, he must contact them directly to make appropriate arrangements.

For these reasons, the court:

(1) GRANTS Tyrone Hull leave to proceed against Nurse Rhonda Adkins in her individual capacity for compensatory and punitive damages for failing to provide him with constitutionally adequate medical treatment for a hand injury he suffered in March 2020 in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

5

(3) DISMISSES Wexford Health LLC, Andrew Liaw, Dorathy Livers, and John Galipeau;

(4) DIRECTS the clerk to prepare a **Summons in a Civil Action – AO 440**, and send it to Tyrone Hull, along with a copy of the amended complaint (ECF 5) and this screening order so he can serve Nurse Rhonda Adkins; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Adkins to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 7, 2022

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT